UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                                  Case No. 2:21-cr-74-TPB-KCD

ANTHONY JAMES BRUEY,

    Defendant.
_____/

**<u>ORDER DENYING DEFENDANT'S "UNOPPOSED MOTION
FOR SENTENCE REDUCTION UNDER AMENDMENT 821"</u>**

This matter is before the Court on Defendant Anthony James Bruey's "Unopposed Motion for Sentence Reduction Under Amendment 821," filed by counsel on July 22, 2024.  (Doc. 177).  After reviewing the motion, case file, and the record, the Court finds as follows:

Defendant, along with his wife and co-defendant Amber Bruey, was involved in a conspiracy scheme involving benefit programs enacted under the Coronavirus Aid, Relief, and Economic Securities ("CARES") Act of March 2020.  As a result of the fraud, the Brueys personally benefited in excess of $850,000, which they spent on luxury purchases and other personal expenses.  Defendant pleaded guilty to conspiracy to commit wire fraud (Count One), wire fraud (Counts Twelve and Thirteen), conspiracy to commit money laundering (Count Fourteen), and illegal monetary transactions (Counts Fifteen and Sixteen).  (Docs. 60; 111).  On May 20, 2022, the Court sentenced Defendant to a total of 51 months imprisonment as to each count, with each count to run concurrently, followed by 36 months of supervised

release. (Doc. 111). Even though Defendant was responsible for directly, or indirectly, depriving the federal treasury of a total of **$881,659.35** through his criminal activities, this term of imprisonment was at the low end of the advisory sentencing guidelines range of 51-63 months.[1] On September 27, 2023, the Eleventh Circuit Court of Appeals affirmed the conviction and sentences. *See United States v. Bruey*, No. 22-12452, 2023 WL 6290830 (11th Cir. 2021).

Defendant now seeks to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which decreased the advisory guidelines for offenders that meet certain criteria, including the absence of a criminal history point. In accordance with the Middle District of Florida's administrative order implementing Amendment 821 (Doc. 115 in 3:21-mc-1-TJC), the United States Probation Office submitted a memorandum reporting that Defendant is eligible for a sentence reduction. (Doc. 174). The Office of the Federal Defender confirmed Defendant's eligibility for a reduction and moved unopposed to reduce his sentence proportionately to the low end of the revised advisory guidelines. (Doc. 177).

The Court exercises its discretion to deny the requested reduction. Although a district court must consider the advisory guidelines when sentencing a criminal defendant, the guidelines are "only one of a dozen or so factors that the court must take into account." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1258 (11th Cir. 2015); *see Gall v. United States*, 552 U.S. 38, 59 (2007). The guidelines are advisory, not mandatory. *Id.*; *United States v. Henry*, 1 F.4th 1315, 1322 (11th Cir. 2021). As

---

[1] The judgement in this case (Doc. 111) includes a restitution obligation of $881,659.35. This loss amount is also identified in paragraph 38 of the presentence report (Doc. 99).

such, the Court always considers the advisory guidelines as required by applicable law, but the Court never imposes a sentence simply because the advisory guidelines suggest a particular range. The Court's discretion is guided by the sentencing factors enunciated in 18 U.S.C. § 3553(a). Some sentences imposed by the Court are below the advisory guidelines, some are within the advisory guidelines, and some sentences are above the advisory guidelines. The fact that the advisory guidelines were recently lowered does not mean, as some assume, that a defendant sentenced under those advisory guidelines is automatically entitled to have his sentence reduced.

Under the facts of this particular case, even considering the revised advisory guidelines, along with all of the other factors, the Court would impose the same sentence today that it originally imposed. The Defendant and his wife were responsible for egregious PPP fraud. The amount of money involved in this case, **$881,659.35,** is very high and it will almost certainly never be repaid. Furthermore, the Defendant and his wife wasted a large amount of the money they stole on unnecessary luxury items. The level of fraud here was shocking, and the Defendant got the punishment that he deserved. To grant Defendant's request would reduce the sentence below that level necessary to accomplish the purposes of sentencing, particularly considering the nature and circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment and appropriate deterrence.

Under the facts presented here, a reduction of the Defendant's sentence would be a gross injustice. Consequently, the motion is **DENIED**.

**DONE AND ORDERED** in Chambers, in Fort Myers, Florida, this 29th day of August, 2024.

TOM BARBER
UNITED STATES DISTRICT JUDGE